**Robert John GUILFORD,**
**Plaintiff—Appellant,**

v.

**LAS VEGAS METROPOLITAN**
**POLICE DEPARTMENT; et**
**al., Defendants—Appellees.**

No. 05–16254.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 21, 2006.*

Decided Aug. 28, 2006.

Robert John Guilford, Las Vegas, NV, for Plaintiff-Appellant.

Michael A. Federico, Esq., Rawlings Olson Cannon Gormley & Desruisseaux, Las Vegas, NV, for Defendant-Appellee.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

### MEMORANDUM **

Robert John Guilford appeals pro se from the district court's partial summary judgment and judgment following jury trial in his civil rights action alleging, *inter alia,* false arrest and excessive force in connection with his arrest for driving under the influence. We have jurisdiction under 28 U.S.C. § 1291. We review summary judgment de novo, and we may affirm for any reason supported by the record. *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 888 (9th Cir.1994). We review for abuse of discretion the district court's evidentiary rulings. *See Janes v. Wal–Mart Stores, Inc.,* 279 F.3d 883, 886 (9th Cir. 2002). We affirm.

■ The district court properly granted summary judgment on Guilford's 42 U.S.C. § 1983 claims against the police department because he did not raise a triable issue of fact as to whether the department had any practice or policy that deprived him of his civil rights. *See Boyd v. Benton County,* 374 F.3d 773, 784 (9th Cir.2004). Guilford's claims under 42 U.S.C. § 1985 were properly dismissed because he is not a member of "a class that requires special federal assistance in protecting its civil rights." *Gerritsen v. de la Madrid Hurtado,* 819 F.2d 1511, 1519 (9th Cir.1987). Because Guilford failed to make out a prima facie case for his RICO claim, the district court also properly dismissed that claim. *See Miller v. Yokoha-*

*ma Tire Corp.,* 358 F.3d 616, 620 (9th Cir.2004) (holding that a prima facie RICO claim must articulate "(1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity").

■ The district court did not abuse its discretion in denying Guilford's emergency motion for a continuance because the motion was necessitated by Guilford's own lack of diligence in issuing subpoenas for his witnesses. *See Danjaq LLC v. Sony Corp.,* 263 F.3d 942, 961 (9th Cir.2001) (describing four factors to be considered in reviewing denial of continuance). The record does not support Guilford's various claims that the district court prevented him from presenting his case.

Guilford's remaining contentions lack merit.

We deny Appellees' request for attorney's fees.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.